Booth, Judge,
delivered the opinion of the court:
The plaintiff was awarded a contract by the procurement division of the Ordnance Bureau on September 12, 1918. The contract called for the manufacture and delivery of three 60-inch Fifield engine lathes. Plaintiff was to receive $60,000 for the machinery, i. e., $20,000, for each lathe. There were numerous other covenants in the contract not important here. Article XIV of the contract provided for its termination. The contract ivas terminated on November 14,1918. This suit is the result of its termination, the plaintiff and defendant being unable to agree as to allowance to the plaintiff under the termination clause. We have set this article of the contract out in Finding II. By its express terms the defendant assumed the following obligations: First, to pay in full for all articles accepted and delivered to the United States. It is conceded that there were none. Second, to pay the cost of all materials and component parts purchased by the contractor left on his hands and which were necessary and requisite to complete the performance of the contract according to the specifications. Third, to pay the contractor all costs shown by the contractor necessarily incurred in performing the contract and at the time unpaid. Fourth, protect the contractor from expenditure for any commitments made in order to do the work upon which liability could not be avoided; and, lastly, “to the above may be added such sums as the Chief of Ordnance may deem necessary to fairly and justly compensate the con *551 tractor for his work, labor, and service rendered under this contract.”
The defendant subsequent to the termination of the contract referred the settlement under the above article to the Ordnance Claims Board, and this board, after an inspection of the premises, made an award allowing the contractor $19,265.23, deducting from this allowance, in addition to the $18,000 which the plaintiff admittedly owes the Government, $8',287.77 salvage value of property retained by the defendant. In our opinion the award made by the Ordnance Claims Board is completely overthrown by the record in this case. While the differences are not large, the defendant introduced no evidence of any character whatever to sustain this award. The result of the ordnance board’s efforts was, in fact, presented by the plaintiff in the course of taking testimony as a part of the transaction, and the defendant rests its case upon this general i-eport, and nothing additional. On the other hand, the plaintiff, by indisputably competent witnesses, testifying after a careful audit of plaintiff’s books, invoices, and accounts, going into minute details, conclusively establishes as to the items reported their exactness and verity. It is, in fact, the only competent evidence of plaintiff’s loss.
Plaintiff insists that under the proof adduced the court should add 10 per cent of the amount awarded in virtue of the provisions of the final clause of Article XIV. To this contention we can not accede. The Chief of Ordnance was ■ vested with a discretion in this respect, and the plaintiff has not brought the case within any of the rules whereby this court may review what was done by that officer in this regard.
After the contract was executed the defendant, through the War Credits Board, advanced the plaintiff $18,000 upon the contract. Whether this transaction be designated an advancement or a loan is seemingly immaterial. It was to be repaid by a 35 per cent deduction from each voucher issued to the plaintiff in the course of performance of the contract until fully discharged, and in the event of cancellation was to be deducted in full from any money due the contractor because of cancellation. There was due the con *552 tractor, if we are correct, at the time of cancellation a sum more than sufficient to take up this'entire indebtedness.' Hence, under the express terms of the loan agreement, this obligation was paid and discharged. ' The note given for the amount of the loan was but an integral part of the entire transaction and did not alter, nor was it' intended so to do, the written agreement signed by the parties at the time the money was advanced. It is manifestly absurd to assert an indebtedness against the plaintiff when the defendant at the time had in its possession more than a sufficient sum to repay all obligations assumed under the loan agreement. The plaintiff received the advancement on November 13, 1918, and the following day the contract was canceled.
Plaintiff is awarded judgment for $1,411.08. It is so ordered.
Graham, Judge; Hay, Judge; -Downey, Judge; and Campbell, GMef Justice, concur.